**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LAURA KIDWILER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RAYMON LEE MASSEY, DECEASED,** | § | |
| ***Plaintiff,*** | § | **CASE NO. 3:25-cv-556** |
| **v.** | § | |
| **GENERAL MOTORS LLC,** | § | |
| ***Defendant.*** | § | |

**GENERAL MOTORS LLC'S NOTICE OF REMOVAL**

Defendant General Motors LLC ("GM LLC") hereby removes this action from the County Court at Law No. 6 of El Paso County, Texas, to the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for the following reasons:

## I.
## BACKGROUND

On October 14, 2025, Plaintiff Laura Kidwiler ("Plaintiff") filed suit against GM LLC in an action styled *Laura Kidwiler, Individually and as Representative of the Estate of Raymon Lee Massey, Deceased*, Cause No. 2025DCV4696, in the County Court at Law No. 6 of El Paso County, Texas. *See* Ex. A-3, Pl.'s Orig. Pet. ¶¶ 1-3.

Plaintiff claims Decedent Raymon Lee Massey ("Decedent") was fatally injured on July 9, 2025 while driving a 2019 Chevrolet Trax (the "Subject Vehicle") when he "lost control" of the vehicle and "crashed into a concrete barrier" ("Subject Incident"). *Id.*, at ¶ 9. Plaintiff alleges the airbag in the Subject Vehicle failed to deploy and claims design, manufacture, and failure to warn defects caused Decedent's injuries. *Id.*, at ¶¶ 12-22.

## II.
## BASIS FOR REMOVAL – DIVERSITY

This state court action is removable to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

### A. Complete diversity exists.

Plaintiff Laura Kidwiler, Individually and as Representative of the Estate of Decedent, and GM LLC are citizens are different states and, as such, the diversity requirement is met. Diversity of citizenship is determined by the citizenship of all properly joined and served parties. *See* 28 U.S.C. §§ 1332 and 1441.

#### 1. Plaintiff and Decedent are citizens of New Mexico.

For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Plaintiff Laura Kidwiler individually resides in the State of New Mexico and is a New Mexico citizen. Ex. A-3, at ¶ 4. Decedent Raymon Lee Massey was a resident of the State of New Mexico. *Id.*; Ex. D, Texas Peace Officer's Crash Report for the Subject Incident. Plaintiff Laura Kidwiler brings this action both in her individual capacity and in her capacity as the legal representative of the Decedent's estate. Under 28 U.S.C. § 1332(c)(2), a legal representative of a decedent "shall be deemed to be a citizen only of the same state as the decedent." Accordingly, in her representative capacity, Plaintiff is likewise deemed a New Mexico citizen for jurisdictional purposes.

#### 2. GM LLC is a citizen of Michigan and Delaware.

GM LLC is a Delaware limited liability company with its principal place of business in Michigan. The citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). GM LLC

is 100% owned by General Motors Holdings LLC, a Delaware limited liability company with its principal place of business in Michigan. *See* Ex. C, Defendant General Motors LLC's Corporate Disclosure Statement. General Motors Holdings LLC is 100% owned by General Motors Company, a Delaware corporation with its principal place of business in Michigan. *Id.* Therefore, GM LLC is a citizen of Michigan and Delaware.

GM LLC is not a citizen of the same state as Plaintiff, therefore complete diversity of citizenship exists under 28 U.S.C. § 1332(a).

### B. Amount in Controversy is met.

A removing party may show the amount in controversy is met in one of two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In determining whether Plaintiff's claim exceed the jurisdictional amount, the test is whether the amount of the claim will more likely than not exceed $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (holding the standard is proof by a preponderance of the evidence). The amount in controversy requirement is satisfied for three independent reasons here.

First, Plaintiff's Original Petition ("Petition") expressly seeks damages in excess of $250,000 and less than $1,000,000, which exceeds the jurisdictional amount of $75,000. See Ex. A-3, at ¶ 3.[1] The jurisdictional amount requirement is satisfied.

[1] The Petition contains contradictory statements regarding the amount-in-controversy, stating both that the Plaintiff seeks damages in excess of $250,000.00, but also that the "amount in controversy in this matter does not exceed $75,000.00" Ex. A-3 at ¶ 3.

Second, notwithstanding the Plaintiff's amount claimed in damages (and given the contradictory statement that the "amount in controversy does not exceed $75,000.00"), courts can apply common sense to damage allegations to determine if it is facially apparent that the plaintiff could recover more than the jurisdictional limits. *Luckett*, 171 F.3d at 298. Claims involving significant bodily injuries meet the "facially apparent" standard for amount in controversy as a matter of law. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Plaintiff seeks extensive economic and non-economic damages. *See* Ex. A-3, at ¶¶ 24-27. Plaintiff has therefore asserted claims for significant bodily injuries that make it facially apparent that the amount in controversy requirement is satisfied as a matter of law. *Gebbia*, 233 F.3d at 883.

It is therefore "facially apparent" the amount in controversy is in excess of $75,000. GM LLC denies that Plaintiff is entitled to any monetary or other relief, but Plaintiff has clearly pleaded and sought relief that exceeds the jurisdictional threshold. The jurisdictional amount-in-controversy requirement under § 1332(a) is therefore satisfied.

## III.
## THE NOTICE OF REMOVAL IS PROPER

### A. Federal jurisdictional and procedural statutes authorize removal.

This case is properly removed to this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

### B. Removal is timely.

This removal is timely filed. Removal is appropriate because the diversity requirements are met and this removal is filed within thirty (30) days of receiving notice the case was removable. See 28 U.S.C. § 1446(b).

**C. Venue is proper.**

Venue of this removed action is proper in this Court. GM LLC removed this action to the district court of the United States for the district and division embracing the county where this state court action is pending. See 28 U.S.C. § 1441 and 28 U.S.C. § 124. Because El Paso County is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. section 1441(a). Venue is proper in this Court pursuant to 28 U.S.C. sections 124 and 1441(a), because the United States District Court for the Western District of Texas, El Paso Division is the federal judicial district and division that covers the court where this action was originally filed.

**D. Notice will be given.**

Notice to all Parties and the State Court will be given as GM LLC will serve written notice of this Notice of Removal on Plaintiff and a copy will be filed with the County Court at Law No. 6 of El Paso County immediately after this Notice of Removal is filed.

**E. Compliance with 28 U.S.C. section 1446(a).**

GM LLC complied with 28 U.S.C. section 1446(a), the following documents are attached to this Notice:

1. An index of matters being filed is attached as Exhibit A;
2. The state court's docket sheet is attached as Exhibit A-1;
3. State court pleadings and other filings are attached as Exhibits A-2, A-3, A-4, and A-5;
4. A copy of GM LLC's Notice of Removal to be filed in the state court action is attached as Exhibit B;
5. GM LLC's Corporate Disclosure Statement is attached as Exhibit C; and

6. Texas Peace Officer's Crash Report for the Subject Incident is attached as Exhibit D.

## IV.
## CONCLUSION

GM LLC has met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. This Notice of Removal is filed subject to and without waiver of all rights and defenses of GM LLC to Plaintiff's claims herein.

If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to present a brief and requests oral argument in support of removal. Defendant GM LLC hereby gives notice that the above-captioned litigation has been removed from the County Court at Law No. 6 of El Paso County to the United States District Court for the Western District of Texas, El Paso Division.

Dated: November 17, 2025

Respectfully submitted,

*/s/ Daniela Gonzales Aldape*

**DANIELA GONZALES ALDAPE**
State Bar No. 24036651
E–Mail: daldape@dykema.com
**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

And

**AARON J. KOTULEK**
State Bar No. 24137483
E-Mail: akotulek@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400

Facsimile: (214) 462-6401

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served according to the Federal Rules of Civil Procedure on this the 17th day of November 2025.

*/s/ Aaron J. Kotulek*
**AARON J. KOTULEK**